IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CASE NO. 2:12-CV-00016-F

MARY E. LYONS-FELTON          )
                              )
            Plaintiff,        )
                              )
v.                            )          **STIPULATED CONSENT**
                              )           **PROTECTIVE ORDER**
EDENTON-CHOWAN BOARD OF       )
EDUCATION,                    )
                              )
                              )
            Defendants.       )

Defendant, Edenton-Chowan Board of Education ("Defendant" or "the Board"), pursuant to Federal Rules of Civil Procedure 26(b) and 26(c), anticipating the disclosure of personnel records and information in response to Plaintiff's discovery requests and recognizing that the private and confidential nature of such documents and information must be  safeguarded pursuant to N.C. Gen. Stat. §§ 115C-319-321, conditionally consents to disclose said documents and information upon the conditions set forth in this Protective Order, which conditions are consented to by Defendant and Plaintiff.

Plaintiff Mary Lyons-Felton, pursuant to Federal Rules of Civil Procedure 26(b) and 26(c), anticipating the disclosure of medical and/or financial records in response to Defendant's discovery requests; and it being recognized that such documents and information may contain confidential information; and upon the consent of Plaintiff to disclose said documents and information upon the conditions set forth in this Protective Order, which conditions are consented to by Defendant and Plaintiff.

IT IS THEREFORE ORDERED:

1. That all documents and information relating to specific current employees or former employees of the Board shall be covered by the terms of this Protective Order. Such documents shall be deemed confidential without any further action by any party unless the parties or attorneys mutually agree that any particular document or item of information is expressly designated as non-confidential.

2. That all documents and information relating to Plaintiff's medical and/or financial records which are produced by Plaintiff in response to Defendant in the subject captioned case shall be covered by the terms of this Protective Order.

3. That any party which provides documents subject to this Protective Order shall label said documents: "Confidential - Subject to Protective Order." Either party retains the right to challenge the confidential designation of any particular document and to have the Court determine its proper designation.

4. Except as may be otherwise provided by further order of the Court, protected information and documents designated as confidential ("confidential documents"), as well as the matters contained therein and extracts and summaries thereof, shall be used for no other purpose than prosecuting or defending this action and shall be disclosed only to the persons identified in paragraph 5.

5. Except as provided in paragraph 6, access to or use of protected information or any confidential documents, or any part thereof, as well as matters contained therein, shall be limited to:

     a. The Court;

     b. The parties and their officers, employees, and agents who are providing assistance to counsel in this action;

c. The attorneys of record for the parties, their associates, assistants, employees, and agents who are providing assistance to counsel in this action;

d. Court-appointed mediators;

e. Consultants and experts involved in the preparation of the trial of this action;

f. Court reporters, their transcribers, assistants, and employees;

g. Any deponent or trial witness to the extent that it is necessary to tender to such witness a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

h. Members of the jury to the extent that it is necessary for the jury to inspect a confidential document.

6. No one subject to this Protective Order shall make public or disclose protected information or confidential documents to anyone other than the persons listed in paragraph 5, provided that nothing herein shall preclude a witness, attorney, or the Court from reading aloud or discussing the contents of a confidential document in open court or at depositions. The terms of this Protective Order shall apply to all persons listed in paragraph 5, and counsel who grant any such person access to protected information or confidential documents shall have an affirmative duty to furnish the person with a copy of this Protective Order. Individuals permitted access to protected information or confidential documents are hereby ordered not to convey or otherwise reveal said information or documents — whether originals or copies, in whole or in part — to anyone who would not otherwise have access to them under this Protective Order.

7. Nothing in this Order shall prevent or impair the use by a party of confidential materials in proceedings in this litigation, including motion papers, affidavits, briefs, other

papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. If a party intends to file any confidential material with the court, that party shall provide written notice of the intent to file the document to the party that designated the material as confidential. The party designating the material as confidential shall have ten (10) days from receipt of the written notice of intent to move the Court for an order requiring the document to be filed under seal. If no motion to file under seal is filed within ten (10) days of receiving notice, the non-designating party may file the document with the court without sealing the document.

8. It is specifically agreed that making confidential materials or documents available for inspection, and the production of confidential information, materials or documents shall not constitute a waiver by the parties of any claim of confidentiality, and the production of such information, materials or documents shall not be considered as an acknowledgment that the information, materials or documents may be admissible into evidence at the trial of this action.

9. Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

10. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order, subject to the approval of the Court.

11. At the conclusion of this litigation, counsel for all parties shall either destroy or return to opposing counsel all confidential documents or copies of confidential documents that have been produced subject to this Protective Order.

13.     Each party shall be responsible for its own mailing costs with regard to the return of the documents provided pursuant to this agreement, or costs of destruction.

It is so ORDERED this __12th__ day of __December_____ 2012.


_____

William A. Webb
United States Magistrate Judge


_____